DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated case is before the court on appeal from the grant of appellee's motion for summary judgment by the Lucas County Court of Common Pleas. The procedural facts necessary to a disposition of appellant's assignment of error are as follows.
{¶ 2} Appellant, Trevis Reid, initially filed his complaint against appellee, American National Can, in March 2000. However, in April 2001, he voluntarily dismissed that case, without prejudice. Appellant then re-commenced this cause on May 11, 2001. In his complaint, appellant alleged an employment discrimination claim based on both common law principles and R.C. Chapter 4112. Appellant maintained that he was being harassed at work because of his race and that appellee failed to remedy the situation.
{¶ 3} Trial on appellant's claim was initially scheduled for July 22, 2002. However, the parties filed a joint motion for a continuance for the purpose of discovery. The trial court granted the motion and subsequently set a trial date of March 3, 2003. In the interim, appellee deposed appellant and filed that deposition and accompanying exhibits in the record below. On February 7, 2003, and based on the facts adduced in the deposition, appellee filed a motion for summary judgment that addressed the merits of the allegations raised in appellant's complaint.
{¶ 4} On February 13, 2003, a pretrial conference was held. At that conference, appellant made an oral motion to continue the trial. The trial court granted the motion, but informed appellant that there would be no further continuances of the trial date. In a February 18, 2003 order, the trial court vacated the March 3, 2003 trial date and rescheduled the trial for May 27, 2003.
{¶ 5} On March 3, 2003, appellant moved the court for a new trial date. He stated that he lacked the financial resources to conduct discovery and needed to "return to work and secure case funding." On March 12, 2003, appellant notified the court that he had secured some of the needed funding, but he still requested an October or November trial date so that he could pursue discovery and respond to the motion for summary judgment. Appellant failed to ever file a memorandum in opposition to appellee's motion for summary judgment.
{¶ 6} On March 27, 2003, the common pleas court denied appellant's motion for a new trial date and granted appellee's motion for summary judgment. Appellant appeals that judgment and sets forth a single assignment of error:
{¶ 7} "The lower court abused its discretion when it unfairly dismissed the plaintiff's complaint in spite of the plaintiff informing the court that the needed funds to continue with the discovery process were in fact available."
{¶ 8} The grant or denial of a continuance is a matter that is within the broad discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65, syllabus. In order to find an abuse of discretion, we must find that the trial court's attitude in reaching its decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
{¶ 9} In denying appellant's motion for a continuance, the trial court noted that: (1) the re-filed case was two years old; (2) continuance of the trial date was granted on three separate occasions; (3) appellant was aware of the fact that no further continuances would be granted; and (4) granting another continuance would contravene the "notion of finality of litigation as well as the Supreme Court Rules of Superintendency on time for the disposition of civil cases and this court's own rule. See Lucas County Gen. R. 503." We would further add that despite appellant's claims to the contrary, there is no evidence in the record of this case showing that appellant engaged in any type of discovery during the pendency of this case. For these reasons, we conclude that the trial court's attitude in denying the motion for a continuance was not arbitrary, unreasonable, or unconscionable.
{¶ 10} Moreover, we decline to treat appellant's motion as one brought pursuant to Civ.R. 56(F). Civ.R. 56(F) reads:
{¶ 11} "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." (Emphasis added.)
{¶ 12} In the case under consideration, appellant failed to file any affidavits in support of his motion for a continuance; thus, he failed to avail himself of any relief provided by Civ.R. 56(F). Lillback v. Metro Life Ins. Co. (1994), 94 Ohio App.3d 100, 103-104. Accordingly, appellant's sole assignment of error is found not well taken.
{¶ 13} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED.